### Martin Teague *v*. The State.

1. Charge of the Court. — The law applicable to the case made by the evidence, and the doctrine of reasonable doubt, having been given in charge to the jury, the court below did not err by refusing further instructions in a misdemeanor case.

2. Excessive Verdict. — Juries having been intrusted with the power, and charged with the duty, of assessing punishments, within limits prescribed by law, their verdicts will not be disturbed by this court on the ground o excess or oppression, unless in a clear case of the abuse of such power.

Appeal from the County Court of Caldwell. Tried below before the Hon. E. H. Rogan, County Judge.

The opinion states the case.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J.    The following errors are assigned as having been committed on the trial of this case in the County Court:

" 1. The court erred in refusing to give to the jury the charge asked by the defendant.

" 2. The court erred in overruling the defendant's motion for a new trial."

The first ground of the motion for a new trial is the same as the first assignment of error; the second ground is that the verdict is contrary to the law and the evidence; and the third ground is set out in the motion, as follows: " Because the verdict is excessive, onerous, vindictive, and oppressive."

The verdict is, " We, the jury, find the defendant guilty of an aggravated assault, and assess his punishment at one year's imprisonment in the county jail, and eight hundred dollars fine." A motion for a new trial was overruled. Judgment having been entered in accordance with the verdict, this appeal has been prosecuted.

With reference to the first error assigned, we are of opinion the charge of the court was a fair exposition of the law relating to aggravated assaults, and to a simple assault when involved in a charge for an aggravated assault, and given in a clear and concise manner; in which the jury were properly instructed as to what constituted an aggravated assault and the punishment prescribed by law for an aggravated assault. And the jury were also properly instructed as to their duties in the event they should find from the evidence that the charge of aggravated assault was not made out to their satisfaction — that they might acquit of the offense of aggravated assault, and convict of a simple assault, or acquit entirely, as the testimony warranted.

The eighth paragraph of the charge is set out as follows: " If you do not find the defendant guilty, you will acquit him ; or if you have any reasonable doubt of his guilt, you will acquit him. If you believe the defendant guilty, but have a reasonable doubt of the degree of his guilt, you will give him the benefit of the doubt, and find him guilty of the minor offense."

This, together with the balance of the charge, taken as a whole, were all the instructions demanded by the evidence as set out in the statement of facts ; and, therefore, the court did not err in refusing to give the additional instruction asked, even if it had been, abstractly considered, correct law. The judge was required to give the law applicable to the case as made by the evidence, and, having done this, he was not required to do more. This disposes of the first error assigned, as well as the first ground set out in the motion for a new trial.

The court did not err in refusing a new trial on the second ground of the motion, that the verdict was contrary to the law and the evidence ; the jury having been properly instructed as to the law, and the evidence being amply sufficient to sustain a verdict of guilty of an aggravated assault.

As to the third ground set out in the motion, to wit, that the verdict is " excessive, onerous, vindictive, and oppressive," we can only say that the evidence shows an unprovoked and violent attack upon the party assaulted, with the means of inflicting serious injury, and by which means serious bodily injury was in fact inflicted upon the party assailed ; and the law having prescribed the bounds to which and beyond which the jury may or may not go in affixing the punishment, and having also charged juries with this duty of affixing the punishment, within the limits prescribed, we do not feel warranted in disturbing a verdict on these grounds as set out in the motion. To do

so would be to usurp the powers confided to the jury, unless in a clear case of abuse of their powers. The jury did not reach the maximum allowed, either in the fine assessed or the imprisonment imposed.

Finding no error, the judgment of the County Court must be affirmed.

*Affirmed.*